## BRUNSWICK-BALKE-COLLENDER CO. v. BEYER.

(Circuit Court, S. D. New York. March 5, 1906.)

PATENTS—INFRINGEMENT—BOWLING ALLEY.

The Wiggins patent, No. 623,933, for a bowling alley, discloses novelty, utility, and patentable invention. Also *held* infringed.

Suit in equity for infringement of U. S. letters patent No. 623,933, for improvement in bowling alleys, dated April 25, 1899, granted to complainant as assignee of William H. Wiggins.

Philipp, Sawyer, Rice & Kennedy, for complainant.
Louis C. Raegener and S. L. Moody, for defendant.

RAY, District Judge. I was convinced upon the argument, and a subsequent examination of the record and briefs of counsel has confirmed the impression, that complainant's alley discloses utility and novelty. I find invention in view of the prior art, which has been extensively considered.

I am also satisfied that infringement is made out. It is true that defendant's mode of construction is somewhat different, but he embodies all that is covered by complainant's patent. Defendant's mode of construction is the same in kind as complainant's, and is not found in the prior art. The results obtained are effected by adopting complainant's mode of construction and operation. It may be true, and I think it is true, that defendant's alley is inferior in some respects to complainant's, but infringement cannot be avoided by adopting a different mode of construction simply, so long as the principle or mode of operation is copied and adopted. The defendant says that his gutters are "flat gutters, with buffer strips in the corners thereof." He also says "they do not center the misplaced balls, nor do they even lessen the amount of wobble, except by lessening the width of the gutter, in exactly the same way as shown in Wiggins' own prior patents." With this contention this court cannot agree. The "buffer strips" of defendant are of such size and peculiar shape that his completed gutter is substantially the same as complainant's, and the effect upon the ball in centering it and in preventing damage to the alley bed is the same, although possibly not to the same degree; that is, it may not center the ball as quickly as does complainant's. I cannot find that Wiggins ever abandoned the construction shown in the patent in suit.

There will be a decree accordingly, and for an accounting and injunction.